IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
BEN ROTEN,                          :
                                    :
           Plaintiff,               :
                                    :
                                    :
           v.                       : Civil Action No. 08-958-JJF
                                    :
SUSSEX CORRECTIONAL INST.,          :
and FIRST CORRECTIONAL              :
MEDICAL SERVICES,                   :
                                    :
           Defendants.              :
```

Ben Roten, <u>Pro</u> <u>se</u> Plaintiff.  Sussex Correctional Institution,
Georgetown, Delaware

**MEMORANDUM OPINION**

April $\cancel{8}$ , 2009
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ben Roten ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and is currently incarcerated at the Sussex Correctional Institution ("SCI"). (D.I. 1.) He appears pro se. For the reasons discussed below, the Court will grant him leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will deny as moot Plaintiff's Request For Counsel. (D.I. 9.)

## I. BACKGROUND

Plaintiff alleges that on January 7, 2004, he was arrested and taken to the SCI, but was "passed out" on drugs. Plaintiff alleges that he was beaten by five corrections officers, given an injection, and again passed out. Following the incident, Plaintiff was taken to the "pink room" where he remained for five days. During this time he was medicated with a "Haldol cocktail." Plaintiff alleges his constitutional rights were violated and seeks compensatory damages in the sum of $2.5 million dollars.

Plaintiff filed his Complaint in December 2008 without paying the filing fee or a Motion For Leave To Proceed In Forma

2

<u>Pauperis</u>. Following the Court's Order, Plaintiff timely filed a Motion For Leave To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> and it will be granted. (D.I. 4, 5.)

## II.  **STANDARD OF REVIEW**

When a litigant proceeds <u>in</u> <u>forma</u> <u>pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. <u>Courteau v. United States</u>, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000); <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as

3

true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual

matter (taken as true) to suggest' the required element." <u>Id</u>. at
235 (quoting <u>Twombly</u>, 127 S.Ct. at 1965 n.3). "This 'does not
impose a probability requirement at the pleading stage,' but
instead 'simply calls for enough facts to raise a reasonable
expectation that discovery will reveal evidence of' the necessary
element." <u>Id</u>. at 234. Because Plaintiff proceeds <u>pro se</u>, his
pleading is liberally construed and his Complaint, "however
inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 127
S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

Plaintiff filed his Complaint on December 16, 2008 as
determined by the mailbox rule for prisoner filings. <u>See</u> <u>Houston</u>
<u>v. Lack</u>, 487 U.S. 266 (1988); <u>Burns v. Morton</u>, 134 F.3d 109, 112
(3d Cir. 1998); <u>Gibbs v. Deckers</u>, 234 F. Supp. 2d 458, 463 (D.
Del. 2002). The Complaint was signed on December 21, 2008.
Therefore, the Court concludes that it was filed on the date it
was signed, the earliest date possible that it could have been
delivered to prison officials in Delaware for mailing.

For purposes of the statute of limitations, § 1983 claims
are characterized as personal injury actions. <u>Wilson v. Garcia</u>,
471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject
to a two-year limitations period. <u>See</u> Del. Code Ann. tit. 10, §
8119; <u>Johnson v. Cullen</u>, 925 F. Supp. 244, 248 (D. Del. 1996).

Section 1983 claims accrue "when plaintiff knows or has reason to
know of the injury that forms the basis of his or her cause of
action." Id. Claims not filed within the two-year statute of
limitations period are time-barred and must be dismissed. See
Mattis v. Dohman, 260 F. App'x 458 n.3 (3d Cir. 2008) (not
reported).

The statute of limitations is an affirmative defense that
generally must be raised by the defendant, and it is waived if
not properly raised. See Benak ex rel. Alliance Premier Growth
Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d
Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167
(3d Cir. 1986). "[W]here the statute of limitations defense is
obvious from the face of the complaint and no development of the
factual record is required to determine whether dismissal is
appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is
permissible." Smith v. Delaware County Court, 260 F. App'x 454
(3d Cir. 2008) (not reported); Wakefield v. Moore, 211 F. App'x
99 (3d Cir. 2006) (not reported) (citing Fogle v. Pierson, 435
F.3d 1252, 1258 (10th Cir. 2006)). In reading the Complaint, the
last date of any pertinent act is January 12, 2004, when
Plaintiff was released from the "pink room." Plaintiff, however,
filed his Complaint on December 16, 2008, approximately two years
after the expiration of the limitations period. Hence, it is
evident from the face of the Complaint that Plaintiff's claims

6

are barred by the two year limitations period.  Therefore, the
Court will dismiss the Complaint pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1).

## IV.  CONCLUSION

Based upon the above discussion, the Plaintiff will be given
leave to proceed in forma pauperis, and the Complaint will be
dismissed as barred by the applicable limitations period pursuant
to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the
Complaint would be futile.  See Alston v. Parker, 363 F.3d 229
(3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111
(3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52
(3d Cir. 1976).  The Request For Counsel will be denied as moot.

An appropriate Order will be entered.